IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**SEAN E. McDONALD,**

    **Plaintiff,**

    v.                                                      **CASE NO. 23-3054-JWL**

**TOMMY WILLIAMS,**

    **Defendant.**

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

Plaintiff Sean E. McDonald brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. He is a state prisoner confined at the El Dorado Correctional Facility ("EDCF") in El Dorado, Kansas. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed. He is also given the opportunity to file an amended complaint.

**I. Nature of the Matter before the Court**

Plaintiff alleges in his Complaint (Doc. 1) that he has been held in segregation since September 12, 2022, without being offered an opportunity for outdoor exercise. He asserts that this amounts to cruel and unusual punishment under the Eighth Amendment.

Plaintiff names Tommy Williams, Warden of EDCF, as the defendant. He seeks only injunctive relief in the form of an outdoor yard schedule for inmates in segregation and a transfer to a facility where he can get yard time.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual

allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. DISCUSSION**

In order to state a claim of cruel and unusual punishment under the Eighth Amendment, Plaintiff must "make two plausible allegations: (1) the conditions were 'sufficiently serious' to implicate constitutional protection and (2) [Defendant Williams] acted with 'deliberate indifference' to [the plaintiff's] health," meaning he knew of and disregarded an excessive risk to Plaintiff's health or safety. *Apodaca v. Raemisch*, 864 F.3d 1071, 1077 (10th Cir. 2017) (quotations omitted); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).

The Tenth Circuit has identified four conclusions "on the constitutionality of denying outdoor exercise to inmates": (1) "[t]he denial of outdoor exercise could violate the Eighth Amendment under certain circumstances"; (2) "[t]he denial of outdoor exercise does not create a per se violation of the Eighth Amendment"; (3) "[r]estricting outdoor exercise to one hour per week does not violate the Eighth Amendment"; and (4) "[t]he denial of outdoor exercise for three years could arguably involve deliberate indifference to an inmate's health under the Eighth Amendment." *Lowe v. Raemisch*, 864 F.3d 1205, 1209-09 (10th Cir. 2017), *cert denied*, 139 S. Ct. 5 (2018*)*. In the absence of a per se violation, courts must examine the totality of the circumstances. *Apodaca*, 864 F.3d at 1077 (citing *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 810 n.8 (10th Cir. 1999)). These circumstances include the length of the deprivation. *Apodaca*, 864 F.3d at 1077 (citing *see DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (stating that the length of time that an inmate is exposed to the conditions "is often of prime importance" under the Eighth Amendment); *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (stating that the inquiry under the Eighth Amendment turns in part on the duration of the deprivation)).

Here, Plaintiff alleges a denial of outdoor exercise for five months. This is not a per se violation of the Eighth Amendment, and, in fact, the Tenth Circuit has found that denial of outdoor

4

recreation for a year "is not sufficiently serious to implicate the Eighth Amendment." *Ajaj v. United States*, 293 F. App'x 575, 584 (10th Cir. 2008) (unpublished). The only other circumstance Plaintiff mentions is that he is a "special needs mental health patient." Doc. 1, at 2. He offers no further explanation or elaboration. The Court finds that the Complaint fails to state a claim for cruel and unusual punishment under the Eighth Amendment.

In addition, an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Plaintiff fails to allege the personal participation of Defendant Williams in the claimed constitutional violation. Therefore, Williams is subject to dismissal.

Last, Plaintiff indicates in his Complaint that he has not exhausted his administrative remedies. *See* Doc. 1, at 6. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies prior to filing a lawsuit in federal court regarding prison conditions. Section 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).[1] While failure to exhaust is an affirmative defense and a plaintiff is generally not required to plead it in the complaint, when that failure is clear from materials filed by Plaintiff, the Court may sua sponte require Plaintiff to show that he has exhausted. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) (acknowledging district courts may raise exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and dismiss prisoner complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).

---

[1] To satisfy this requirement, a prisoner must fully comply with the institution's grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Little,* 607 F.3d at 1249 (The "inmate may only exhaust by properly following all the steps laid out in the prison system's grievance procedures.") (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim. . .." *Id.* (citing *Jernigan v. Stuchell,* 304 F.3d 1030, 1032 (10th Cir. 2002)).

**IV. Response and/or Amended Complaint Required**

Plaintiff is required to show good cause why the claim and defendant discussed above should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.

To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (23-3054-JWL) at the top of the first page of his amended complaint, and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

Plaintiff is given time to file a complete and proper amended complaint in which he concisely (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **May 5, 2023,** in which to show good cause, in writing, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED THAT** Plaintiff is granted until **May 5, 2023,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated April 5, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE